STATE OF NEBRASKA, EX REL. MICHAEL MORRISSEY ET AL., V. BASIL S. RAMSEY, JUDGE.

FILED JANUARY 7, 1897.   No. 8917.

1. **Review: SUPERSEDEAS.** The filing of a supersedeas bond is not essential to obtain a review of a decree or final order of the district court, either by appeal or upon error; but such bond is indispensable to a stay of proceedings pending the review.

2. ———: ———. Such bond, when filed and approved, will not operate as a supersedeas unless it contains the conditions prescribed by law.

3. ———: ———. A proper supersedeas bond executed, filed, and approved in one cause will not act as a supersedeas of a decree subsequently rendered in another action between the same parties.

4. Pleading: DEMURRER. Averments of legal conclusions in a pleading are not admitted by a demurrer.

ORIGINAL application for *mandamus* to compel respondent, as judge of the second judicial district, to recall an order of sale issued by the clerk of the district court of Cass county upon a decree of foreclosure. *Dismissed.*

*A. N. Sullivan,* for relators.

*Byron Clark* and *C. A. Rawls, contra.*

NORVAL, J.

This was an original application for a peremptory writ of *mandamus* to require the respondent, as judge of the second judicial district, to recall an order of sale issued by the clerk of the district court of Cass county upon a decree of foreclosure rendered therein. The respondent has filed a general demurrer to the application, which has been argued and submitted.

The application is exceedingly verbose, but the following is believed to be a fair summary of its material averments: On the 16th day of October, 1893, relators, Michael Morrissey and Susan C. Morrissey, made, executed, and delivered to the Citizens Bank of Plattsmouth their mortgage deed, whereby they conveyed to the bank certain lands situate in Cass and Platte counties, to secure the payment of their promissory note for $10,000, with five interest coupons attached of $700 each; that on September 10, 1894, one Charles C. Parmele was duly appointed receiver of said bank, who entered upon the duties of his trust and has been so acting as receiver ever since; that on December 27, 1895, the relators and said receiver, and others interested in the said bank, entered

into an agreement, subject to approval by the court, for the settlement of said mortgage, by the terms of which relators were to convey to the receiver certain lands, consisting of 480 acres, at the agreed price of $43 per acre, in satisfaction of the amount due on said real estate mortgage, also two other notes of the relators, for $779 and $80, respectively, leaving a balance due them from the bank of the sum of $2,976, including a deposit of $107; that on the same day the district court rendered a decree canceling said real estate mortgage, and awarded relators a vendor's lien upon said land for said sum of $2,976; and they executed a deed to relators for said real estate, which conveyance was duly recorded in the office of the register of deeds of Cass county, and the receiver canceled said notes upon the books of the bank. On April 30, 1896, on the petition and application of one D. O. Dwyer, a creditor of said bank, the district court of Cass county entered a decree setting aside the said decree of December 27 approving the settlement with the Morrisseys, and also ordered said receiver to proceed at once to foreclose said mortgage, and that the said deed from Morrisseys be canceled of record. A motion for a new trial was filed and overruled, and supersedeas bond fixed by the court at $2,500; that "on the 12th day of June, 1896, these relators filed a supersedeas bond as required by law, which was duly approved by the clerk of said court;" that on the 10th day of October, 1896, a transcript of the proceedings and a petition in error were filed in this court, and a summons in error was issued, which was served upon the parties interested; that on May 25, 1896, in pursuance of said last mentioned decree, the said receiver commenced a suit in the district court of Cass county to foreclose said mortgage, and that the relators filed no answer therein and a decree of foreclosure was rendered as prayed. Subsequently, relators filed a motion, accompanied with an affidavit, setting forth the giving of the supersedeas bond as aforesaid and its approval by the clerk of the court. We are not definitely

advised as to the object of this motion, but presumably it was presented for the purpose of preventing further proceedings under the decree of foreclosure. The motion, whatever its scope and object, was overruled on November 18, 1896. The receiver was directed to proceed under said decree. An order of sale was issued and delivered to the sheriff, who is proceeding to sell the mortgaged premises, and relators have frequently requested the respondent, as judge of the district court, to recall the same, which he refuses to do.

There is no merit in the application. It is not claimed that any written request for a stay of the issuance of an order of sale upon the decree of foreclosure has been filed, as might have been done under section 477$b$ of the Code of Civil Procedure. The record fails to disclose that any appeal has been taken, or proceedings in error prosecuted, from said decree foreclosing the mortgage, or that any supersedeas bond has been given under the provision of either section 588 or section 677 of the Code. The relators having neglected to avail themselves of the benefits of the statute relating to stays of orders of sales, and having taken no steps to obtain a review of said foreclosure decree, by either giving a supersedeas bond or by filing a transcript of said decree, it is not discoverable that they are in any position to invoke the aid of the court to prevent the enforcement of the decree in question by requiring the respondent to recall the order of sale from the hands of the sheriff before he has executed its mandate.

We are asked to hold that the supersedeas bond given by the relators on June 12, 1896, operated to suspend the decree foreclosing the mortgage. This cannot be done, for two reasons. In the first place, such bond was not filed in the foreclosure suit, but was executed and approved in another case or proceeding, before the action to foreclose the mortgage was ever commenced or the decree therein was extended. Manifestly a supersedeas bond furnished in one cause will not operate to suspend or prevent the enforcement of a judgment or decree ren-

dered in another and different action.   Suppose a super-
sedeas bond should be given upon the rendition of a de-
cree foreclosing a mortgage, and the plaintiff should
bring another action in the same court upon the identical
mortgage and obtain another decree of foreclosure; such
bond would not supersede the second decree.   The sup-
posed case and the one before us are not distinguishable
in principle.

There is another reason for refusing to hold that the
said bond executed by the relators did not operate as
a supersedeas, and that is it is not disclosed by this
record that it was conditioned as prescribed by stat-
ute.   The copy of the bond is neither attached to nor
made a part of the application for *mandamus;* nor are
the conditions of such bond set out in the application
filed therein.   The only allegation therein upon the sub-
ject is that "on the 12th day of June, 1896, these relators
filed a supersedeas bond as required by law," which is
the mere averment of a legal conclusion from facts not
stated, and therefore not admitted by the demurrer.   A
supersedeas bond not conditioned as required by statute
is insufficient to prevent the enforcement of the decree
it was given to supersede.   (*State v. Thiele,* 19 Neb., 220;
*O'Chander v. State,* 46 Neb., 10.)

In view of the conclusion reached, it is unnecessary
to discuss the proposition whether *mandamus* will lie
against the respondent to compel the performance of a
judicial act.   The application fails to set forth sufficient
facts to entitle relators to the relief demanded.   The de-
murrer is sustained and the action

DISMISSED.