F. J. MORIARTY v. H. E. COCHRAN.

FILED FEBRUARY 22, 1906. No. 14,158.

**Pleading.** A petition declaring on an appeal bond, which contains no allegation showing a breach of its conditions, is subject to demurrer.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*P. A. Wells* and *Fawcett & Abbott,* for plaintiff in error.

*H. E. Cochran* and *A. S. Churchill, contra.*

DUFFIE, C.

Cochran obtained a judgment against Johnson in a justice's court. Johnson appealed to the district court, and executed the following undertaking with Moriarty as surety: "Whereas, on the 9th day of October, 1902, H. E. Cochran recovered a judgment against John P. Johnson before W. A. Foster, a justice of the peace, for the sum of $65.30, and costs of suit taxed at $6.60, and, whereas, the

said John P. Johnson intends to appeal said cause to the district court for Douglas county, Nebraska: Now, therefore, we, John P. Johnson, as principal, and F. J. Moriarty, as surety, do promise and undertake to the said H. E. Cochran, in the sum of one hundred fifty three and eighty one-hundredths dollars that the said John P. Johnson, appellant, shall prosecute said appeal to effect and without unnecessary delay, and that said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs. (Signed.) John P. Johnson, F. J. Moriarty."

The trial in the district court resulted in a judgment against Johnson for $102.18. This action was brought against Moriarty as surety upon the appeal bond. The only breach of the bond alleged in the petition is the following: "There is now due the plaintiff, H. E. Cochran, from the defendant, F. J. Moriarty, on said undertaking the sum of $102.18 and interest at 7 per cent. from October 5, 1903, no part of which has been paid." A demurrer to the petition was interposed and overruled by the court, and Moriarty having elected to stand upon his demurrer, judgment was entered against him for the amount claimed in the petition, and he has brought the case here for review.

In our opinion the petition contained no sufficient allegation of a breach of the undertaking sued on. Moriarty's contract was "that the said John P. Johnson, appellant, shall prosecute said appeal to effect without unneccessary delay, and that said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs." It sufficiently appears in the petition that the appeal was docketed in the district court, that a trial was had, and judgment entered against the appellant Johnson; but there is no allegation to the effect that Johnson has not satisfied said judgment and costs. It is urged by the defendant in error that the statement in the petition "that there is now due the plaintiff from the defendant Moriarty on said undertaking the sum of $102.18 and interest at 7 per cent. from October 5, 1903, no part

of which has been paid," is a sufficient allegation of the nonpayment of the judgment; and it is said that the word "due" is often used in business transactions as synonymous with "owing" or "unpaid." *Fowler v. Hoffman,* 31 Mich. 215, is cited in support of this position. An examination of the cited case shows that it has no application to a rule of pleading. A mortgagor had agreed to keep the mortgaged property insured for the amount due on the mortgage. The trial court held that this stipulation required the mortgagor to insure the property for the amount only which had matured on the mortgage. Judge Cooley, in the opinion, says:

"The judge was clearly in error in holding that the stipulation for insurance, when speaking of the 'amount due,' meant not the whole sum secured, but only the amount that had become presently payable; in other words, the amount overdue. We cannot suppose such to have been the understanding of the parties. The word 'due' is often used in business tranactions as synonymous with 'owing' or 'remaining unpaid,' and no reasonable doubt can exist that it was so used here. The need of insurance to protect the mortgagee would be at least as great before as after the payment fell due."

In the connection in which the word "due" was used in that instance there is no doubt of the correctness of the holding of the Michigan court, but the allegation quoted from the petition is nothing more than a legal conclusion. *Doyle v. Phœnix Ins. Co.,* 44 Cal. 264. The authorities all agree that the statement of a legal conclusion is not admitted by a demurrer. A demurrer admits only facts well pleaded. There being no allegation of a breach of the undertaking, the demurrer to the petition should have been sustained, and we recommend a reversal of the judgment and that the cause be remanded to the district court, with leave to the defendant in error to amend his petition if he be so advised.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with leave to the defendant in error to amend his petition if he be so advised.

REVERSED.