CHARLES P. BRESEE, APPELLANT, V. JOHN W. PRESTON,
APPELLEE.

FILED APRIL 8, 1912.  No. 16,648.

1. **Pleading:** DEMURRER.  A general demurrer admits the truth of all material facts well pleaded, but does not admit conclusions of law.

2. ———: SUFFICIENCY.  When the claim is made that an act is unconstitutional, not because of its substance, but because not regularly passed, the defect in the proceedings must be specifically pleaded.  It is insufficient to allege generally that it was not legally passed.  *City of York v. Chicago, B. & Q. R. Co.*, 56 Neb. 572.

3. **Judicial Sales:** VOID AND VOIDABLE.  A sale of real estate under an order of sale, where the notice is not published at least 30 days before the sale, is not void, but voidable, and the defect is ordinarily cured by confirmation.

APPEAL from the district court for Keya Paha county: WILLIAM H. WESTOVER, JUDGE.  *Affirmed.*

*Allen G. Fisher, William P. Rooney* and *A. M. Morrissey,* for appellant.

*Ross Amspoker* and *Lear & Lear, contra.*

LETTON, J.

The petition in this case alleges in substance that the plaintiff is the owner of a certain tract of land in Keya Paha county; that the defendant is in possession of the same claiming title by virtue of a sheriff's deed issued to his grantor on a sale under a decree rendered in proceedings brought by the county of Keya Paha in the district court for that county to foreclose a tax lien upon the land; that no prior administrative sale had been had, and no tax certificate had been issued to the county; that "the acts of legislature whereunder county attorney claimed to act was void and did not pass with regard for constitutional requirements."  It is further alleged that "the said purported sale was void and of none effect for the reason

that the court was without jurisdiction of the subject matter and the defendants therein named never appeared in said action nor consented that the said court might have jurisdiction at any time, and because the notice of the said proposed sheriff's sale was not published in any newspaper printed in said county, nor of general circulation therein, for 30 days before the date of said sale, April 5, 1902, but on the contrary, the only notice by advertisement in a newspaper was for 29 days before the date of sale and not longer." The petition further alleged that neither the plaintiff nor his grantors had any knowledge of the proceedings; that the rents and profits exceed in value the taxes against the premises. He prays that he may be permitted to redeem from the sale; that the sheriff's deed be canceled, and defendant be required to execute a deed to him, for an accounting, and general equitable relief. To this petition the defendant filed a general demurrer. This was sustained by the district court, and the action dismissed.

Only two assignments of error are found in the appellant's brief: "The court erred in giving judgment for defendant and dismissing the petition of plaintiff. The court erred in sustaining the demurrer of defendant." The brief, however, in general terms argues that the act providing for foreclosures by counties was not passed by the legislature in conformity with the provisions of the constitution; that the affidavit for constructive service was insufficient; that the published notice for constructive service was insufficient; and that the sheriff's sale and deed were void for want of notice of sale. The trouble with much of appellant's argument is that the questions raised are not presented by the record. We can only look to the allegations of the petition to determine whether it states a cause of action, and cannot consider allegations found in the brief but not in the petition. The demurrer, of course, admits all material facts properly pleaded, and the only question before the court is whether the facts pleaded constitute a cause of action.

As to the plea that the statutes are void for the reason that "the acts * * * did not pass with regard for constitutional requirements." No facts are pleaded showing the breach of any constitutional requirements. It is an elementary rule of pleading that a demurrer admits only facts well pleaded, and does not admit conclusions of law. *Burlington & M. R. R. Co. v. Dobson,* 17 Neb. 450; *American Water Works Co. v. State,* 46 Neb. 194; *State v. Ramsey,* 50 Neb. 166. Of course, under section 136 of the code it is unnecessary to plead the validity of a statute, because it is a presumption of law. But, when it is claimed that facts exist which rebut the presumption of law, the facts which are claimed to exist should be pleaded so as to inform the court of what is the real issue. Some act of omission or commission by the legislature in conflict with the provisions of the constitution with reference to the manner of passing bills must be relied upon to support this allegation. This is a matter to be proved; and while under our former decisions the court will take judicial notice of the legislative journals, this notice cannot supply the want of a specific plea of the fact upon which the pleader relies. The supreme court of the United States holds: "Judicial notice of facts which the plaintiff has not chosen to rely upon in his pleading cannot make these facts a part of the complaint for the purpose of giving jurisdiction to a federal court, as the averments, if not sufficient in themselves to give jurisdiction, present no controversy in respect of which resort may be had to judicial knowledge." *Mountain View Mining & Milling Co. v. McFadden,* 21 Sup. Ct. Rep. 488 (180 U. S. 533). *Arkansas v. Kansas & Texas Coal Co.,* 183 U. S 185, 22 Sup. Ct. Rep. 47.

If a statute is invalid because it is in substance violative of the constitution, it is sufficient to allege generally that it is invalid, but when its invalidity is claimed, not because of the substance of the act, but because in its passage or adoption the legislature did not follow the proceedings required by the constitution, the defect must be specifically pleaded, and it is insufficient to allege generally that it

was not legally adopted and did not pass with regard for constitutional requirements. *City of York v. Chicago, B. & Q. R. Co.,* 56 Neb. 572. In that case it is said: "The petition also contains the following averment: 'The plaintiff alleges that said ordinance * * * was never passed legally and as by law provided so as to make it a valid ordinance.' So far as the last averment is concerned it is clearly the pleading of a conclusion of law without any pleading of any ultimate traversable facts which would lead to such conclusion. When an act is legal or illegal because of the existence or nonexistence of certain facts, those facts must be pleaded. The mere assertion of illegality is not enough. It tenders no issue." While this language referred to an ordinance, the principles of pleading announced apply also to statutes.

We have repeatedly held that, even though a decree entered in a tax foreclosure action by a county without a prior administrative sale is erroneous, it is not void, and a sale based thereon will divest the owner of the land of his title. *Russell v. McCarthy,* 70 Neb. 514; *Cass v. Nitsch,* 81 Neb. 228; *Jones v. Fisher,* 88 Neb. 627.

It is further contended that the sheriff's sale was void for the reason that the notice was published only 29 days instead of at least 30 days, as the statute requires. Had this objection been made at the time of confirmation, it would undoubtedly have been sustained. If overruled, such ruling would, on appeal, have been reversed. If the defendants were duly served with summons, they were before the court and it was their duty to interpose such objection at that time, and, if overruled, to have brought the ruling directly to this court for review. They could not stand by with folded hands and permit this error of the court to go unchallenged and subsequently assail the confirmation collaterally. That they had been duly served and were before the court must be presumed, from the absence of any allegation in the petition that they had not been served with process in the foreclosure suit. The allegation of the petition is, "and the defendants therein

named never appeared in said action, nor consented that the said court might have jurisdiction at any time." This is all the petition recites upon that point. If they were duly served, and thereafter "never appeared in said action," that was their fault; and, such being the case, it is immaterial that they never "consented that the said court might have jurisdiction at any time." The service gave the jurisdiction. For these reasons, the contention of defendants upon this point cannot be sustained.

This disposes of all the points made in the brief which are based upon facts set forth in the petition. The demurrer to the petition was properly sustained by the district court, and its judgment is, therefore,

AFFIRMED.

REESE, C. J., took no part in the decision.