PEARL DOBNEY, ADMINISTRATRIX, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED MARCH 20, 1931.   No. 27625.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*J. D. Friedman, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Fred Dobney, a brakeman for the defendant, died February 24, 1928.   There was due him from defendant as

current wages the sum of $53.98. Pearl Dobney, his widow, as administratrix, sued for this sum with interest.

The defendant admitted the employment and that said amount was due deceased for wages at the time of his death and admitted that plaintiff is the administratrix. Further answering, the defendant alleged that, at the time of her husband's death, Pearl Dobney was in a hospital suffering from a severe gunshot wound and remained there for several days; that therefore one George E. Dobney, a son of Fred Dobney, assumed charge of the funeral arrangements and submitted to the defendant a bill of the funeral directors on account of the funeral and burial of the deceased and requested defendant to pay said $53.98 to the undertaker in part payment of the funeral expenses; that defendant, pursuant to said request, so paid said sum. Defendant further alleged that such funeral expenses were and are a valid and preferred claim against the estate, that the wages were a part of the estate, that the funeral bill was necessarily incurred, that plaintiff was not then administratrix and was totally incapacitated, that public decency and order require the burial of deceased persons promptly, that it would be contrary to public policy to wait until an administrator should be appointed before embalming and burying a deceased person and incurring the expenses thereof as if incurred by authority of such administrator; and therefore defendant alleges that it acted in good faith in paying such wages to the funeral directors, that the money has been lawfully applied in payment of a first claim against the estate, and that plaintiff has no lawful standing to demand a second payment of the wages from the defendant.

To this answer the plaintiff demurred. The demurrer was sustained. Defendant refused to plead further. Judgment was entered against defendant, its motion for new trial was denied, and it appealed. It assigns error in sustaining the demurrer to the answer and in entering judgment for plaintiff.

A demurrer to a pleading does not admit its legal conclusions. Plaintiff's demurrer to the answer merely ad-

mitted the truth of such facts as were well pleaded in the answer for the purpose of determining their sufficiency as a defense, but did not admit the correctness of the conclusions of law drawn therefrom by the pleader. *American Water Works Co. v. State,* 46 Neb. 194; *State v. Ramsey,* 50 Neb. 166; *Bresee v. Preston,* 91 Neb. 174; *Salsbury v. City of Lincoln,* 117 Neb. 465.

Under the statute an executor or administrator has the right to the possession of the personal estate of the deceased until delivered over by order of the county court to those entitled to it. Comp. St. 1929, sec. 30-406. The widow is entitled to property that was exempt to the deceased, at the time of his death, from execution or attachment. Comp. St. 1929, sec. 30-103. To the extent of 90 per cent. thereof, the wages of deceased as head of the family were so exempt. Comp. St. 1929, sec. 20-1559. There is nothing in the record to show what the general assets of the estate were, nor does it show that any creditor was seeking to sequester the nonexempt one-tenth of the wages due the deceased. While the wages of the deceased belonged ultimately to the widow, it was the duty of the administratrix and it is the approved practice to require the employer to pay such wages to the administratrix to be distributed by order of the county court to the one found entitled to it. "No person, whether he be legatee, next of kin, heir, or creditor, is, as against a personal representative, entitled to the possession of the personalty pending administration." Dame, Probate and Administration (3d ed.) sec. 287.

Defendant argues that funeral expenses are a first claim against this estate and cites section 30-615, Comp. St. 1929. That section makes necessary funeral expenses up to $250 a first preferred claim "if the assets which the executor or administrator may have received and which can be appropriated to the payment of debts be not sufficient." The argument is therefore answered by the fact that these exempt wages are not assets of the estate that can be so appropriated to the payment of debts. Indeed, it has been held a number of times that, in addition to the exempt

property, even the wearing apparel, ornaments, household furniture, and "other personal property," to be selected, not exceeding $200 in value, as described in the first subdivision of section 30-103, Comp. St. 1929, do not constitute assets of the estate in the hands of the executor or administrator. *In re Estate of Fletcher*, 83 Neb. 156; *In re Estate of Manning*, 85 Neb. 60; *Judson v. Creighton*, 88 Neb. 37.

It follows that the defendant paid to the funeral directors the wages due the deceased without authority. This did not discharge the debt. The administratrix had a legal right to recover the amount due. The decision of the district court was right.

Plaintiff prayed in her petition for an attorney's fee. The claim, amounting to less than $300, being against a corporation doing business in this state, and for wages for services rendered or labor due, is eligible for the allowance of an attorney's fee in this court. Comp. St. 1929, sec. 20-1801. We therefore fix $50 as such a fee.

For the reasons stated, the judgment is affirmed and appellee is allowed an attorney's fee of $50 to be taxed as costs.

AFFIRMED.