U. S. THEATRE SUPPLY COMPANY, APPELLEE, V. WILLIAM H. CREAL ET AL., APPELLANTS.

FILED MARCH 17, 1932. No. 28168.

*Battelle, Travis & Strehlow,* for appellants.

*Lee & Bremers, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Plaintiff, described as a corporation, sued defendants, described as a copartnership, on account for goods, wares and merchandise. Defendants answered, admitting the allegations of the petition, and then each defendant claimed a set-off on account of a certain note. Plaintiff demurred to the set-off; the demurrer was sustained; judgment was rendered for plaintiff on its account, motion for new trial was overruled, and defendants appealed.

The pleading of defendants is entitled "Answer and Set-Off." In three lines the answer admits on behalf of each defendant the allegations of the petition. Then follows the "Set-Off:"

"Further answering said petition, and by way of set-off, defendant William H. Creal alleges and shows to the court that:

"1. Under date of September 24, 1928, the said plaintiff, U. S. Theatre Supply Company, by and through its agents, F. H. Parker and William C. Raapke, owners of all the stock of said corporation, for valuable consideration, executed and delivered to defendants its certain promissory note in words and figures following, to wit:"

The note is for $750, dated September 24, 1928, due in two years, in favor of William H. Creal, and signed by F. H. Parker and William C. Raapke. The set-off of

Walter H. Creal, being the preamble and second paragraph of the pleading, is identical in every respect with that above quoted and abstracted, save that his name appears in place of William H. Creal. The rest of the pleading down to the prayer we quote:

"3.   Said defendants and each of them allege that no sums have been paid them or either of them by the said F. H. Parker and/or William C. Raapke, either on the principal or interest of said notes; that there is now due and owing to defendant William H. Creal from the plaintiff by reason of said note the sum of $882.50 upon his set-off; and that there is due and owing defendant Walter H. Creal upon his set-off the sum of $882.50, together with interest thereon at the rate of six per cent. to be computed semi-annually.

"4.   Further, defendants and each of them allege and show to the court that said F. H. Parker and William C. Raapke have no other properties or interests than those in the plaintiff corporation and the United States Scenic Studios, Inc.; that the effect of their relations in said corporation is merely that of copartners; that in the conduct of their business and particularly all the transactions out of which plaintiff's claim and the claims of these defendants and each of them arise were all on the same basis in so far as said F. H. Parker and William C. Raapke are concerned, and that they and each of them have the same interest in each of said transactions; that the organization and operation of their businesses under corporation names aforesaid are for the sole and only purpose of defrauding creditors; that unless the prayer of this pleading be granted the said F. H. Parker and William C. Raapke will be permitted to obtain and collect upon plaintiff's claim against these defendants, and these defendants will be unable to make collection in whole or in any part of their respective items of set-off."

The above reference to the United States Scenic Studios, Inc., is explained by stating that the second cause of action in the petition declared on an account for $13,

assigned to plaintiff as a debt of defendants to "the U. S. Scenic Studios, Inc., a corporation."

The demurrer challenged the set-off because (1) it showed on its face that it did not state facts sufficient to constitute a cause of action, set-off or counterclaim against the cause alleged in the petition, and (2) because it attempted to bring into this action improper parties defendant.

The only question to be decided is whether the demurrer was good as against the pleading of the defendants. The defendants had admitted in their answer that both the U. S. Theatre Supply Company, the plaintiff, and U. S. Scenic Studios, Inc., assignor of plaintiff's second cause of action, were corporations, organized under the laws of Nebraska; and admitted that the defendants William H. Creal and Walter H. Creal are a copartnership under the name and style of William Creal & Son.

This is the established rule: "A demurrer to a pleading admits the truth of the facts well pleaded for the purpose of determining their sufficiency as a cause of action or defense, but it does not admit the correctness of the conclusions of law drawn therefrom by the pleader." *American Water-Works Co. v. State*, 46 Neb. 194. See *State v. Ramsey*, 50 Neb. 166; *Bresee v. Preston*, 91 Neb. 174; *Salsbury v. City of Lincoln*, 117 Neb. 465; *Dobney v. Chicago & N. W. R. Co.*, 120 Neb. 824.

Down to paragraph 3 of the pleading of the defendants there is nothing that indicates any cause of action in favor of the defendants. Paragraph 3 alleges like amounts "now due and owing" from the plaintiff to each defendant by reason of his respective note; but this is not only contrary to the facts so far pleaded but is a pure conclusion of law.

Considering paragraph 4 as if Parker and Raapke were parties to the action (which they were not) and were owners of all the stock in plaintiff corporation (as suggested but not directly and affirmatively pleaded in paragraph 2) every material allegation is a conclusion with-

out basis in facts pleaded. Allegations that transactions are on the same basis without pleading the facts, that parties have the same interest in transactions without stating the facts for comparison and conclusion thereon, that the organization and operation of corporations by Parker and Raapke was for the purpose of defrauding creditors without pleading the facts from which fraud might be concluded, are insufficient. "In an action to recover money alleged to have been obtained by misrepresentation, fraud, duress and deceit, the petition must set forth the facts showing such fraud, and a mere allegation of fraud or misrepresentation is not sufficient." *Chapman v. Meyers,* 84 Neb. 368.

Tested by the fundamental rules heretofore stated, the pleading of the defendants did not state facts sufficient to constitute an affirmative cause of action on its set-off. It follows that the demurrer was properly sustained.

The conclusion we have reached makes it unnecessary to consider the second point of the demurrer. The judgment of the district court is

AFFIRMED.