THURSTON COUNTY, APPELLANT, V. ED FARLEY, APPELLEE.

FILED APRIL 19, 1935. No. 29260.

*Robert G. Fuhrman,* for appellant.

*McCarthy & McCarthy* and *Cecil Boughn, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

July 30, 1931, plaintiff filed its petition against defendant to recover fees in excess of his statutory salary for 1920 to 1924, earned by defendant as clerk of the district court and unaccounted for to the total amount of $2,732.40. One paragraph of the petition contained a schedule in which appeared, opposite each of the five years above named, the fees earned by the office, the amount paid over to the county treasurer and the balance due the county.

On August 31, 1931, defendant moved the court to require plaintiff to amend its petition so as to set out separately the items making up the aggregate of each

amount set out opposite each respective year. On March 1, 1933, the court sustained the motion, but the order provided that plaintiff might file a certain report of an auditor, covering the accounts of defendant as clerk of the district court. The order further provided that defendant should "plead unto plaintiff's petition within thirty days after the filing of said audit reports or the filing of an amended petition, if plaintiff be so advised."

March 20, 1933, plaintiff filed an amended petition in which it pleaded two surety bonds given by defendant in qualifying for the office of clerk of the district court. One bond was alleged to be in effect for 1919 and 1920 and the other (for a term extended to four years) for the years 1921 to 1925.

March 28, 1933, defendant moved to strike the allegations of the amended petition bringing the surety bonds into the action because such amendments were not permissible under the order allowing the petition to be amended and for the further reason that such amendments substantially changed plaintiff's cause of action.

March 9, 1934, an order was entered sustaining the motion and striking from the amended petition the plea as to the bonds. On the same day an order was entered giving defendant leave to file demurrer instanter. This was done and the court sustained the demurrer. Plaintiff electing to stand upon its amended petition and declining to plead further, the court dismissed the amended petition and plaintiff appealed.

Plaintiff preserved its exceptions to all rulings and assigns as error that the court erred in striking the portion of the amended petition and erred in sustaining the demurrer to what was left in the original petition, and in dismissing the action.

Under the original petition, or under the amended petition as it stood after the court struck from it the plea as to the bonds, the statute of limitations is four years after the accrual of the cause of action. Comp. St. 1929, sec. 20-212. If the surety bonds were the basis of the

action, then the statute is ten years. Comp. St. 1929, sec. 20-209.

The real controversy here is whether the action is barred by the statute of limitations. That in turn goes back to the question whether the amendment of the petition, to plead the official bonds of the clerk of the district court, stated a new and different cause of action from that stated in the original petition.

In *Emel v. Standard Oil Co.*, 117 Neb. 418, the original petition alleged that defendant's driver was in the habit of inviting Emel, an infant, to ride upon defendant's truck; that he invited him on this occasion, and Emel fell from the truck to the ground and was killed. The amendment charged that the driver invited the boy to ride, as was his custom, and, when the child was about to take hold of the truck to mount it, the driver swerved the truck so that the child "missed his hold on said truck and his footing thereon," fell and was killed. It was held that the amendment introduced a new cause of action and its allowance was erroneous.

In *Johnson v. American Smelting & Refining Co.*, 80 Neb. 255, it was held: "A cause of action alleged in an amended petition, although founded upon the same injury as that described in the original, is a different cause of action, if it is dependent entirely upon different reasons for holding the defendant responsible for the wrong alleged."

The amended petition in the case under consideration was based upon bonds given by defendant and the Lion Bonding & Surety Company to assure his official fidelity. When plaintiff amended its petition to set out these bonds, there arose the question of necessity of making the bonding company a party. But plaintiff avoided this by alleging that "the surety on said bond, Lion Bonding & Surety Company, has long since been insolvent and has been liquidated in receivership, and plaintiff is without any legal remedy against said surety." Nevertheless, this amendment recited a new cause of action, the purpose of

plaintiff in retaining which was thus to provide a ten-year statute of limitations, instead of the four year statute allowed under the cause of action originally pleaded. The court did not err in striking the allegations as to the bonds from the amended petition.

With the above matter stricken from the petition, what remained was subject to the demurrer of defendant. "A demurrer admits allegations only of fact. It does not admit conclusions of the pleader, except when they are supported by, and necessarily result from, the facts stated in the pleading." 6 Standard Ency. of Procedure, 949, citing *Moriarty v. Cochran,* 75 Neb. 835; *State v. Porter,* 69 Neb. 203; *Markey. v. School District,* 58 Neb. 479; *State v. Ramsey,* 50 Neb. 166; *American Water-Works Co. v. State,* 46 Neb. 194.

The statute of limitations had run against the cause of action originally pleaded against defendant. The amended petition undertook to set up another and different cause which was not permissible. The judgment of the district court is

AFFIRMED.