BEN R. GRIFFIN ET AL., APPELLANTS, V. THOMAS GASS ET AL., APPELLEES.

274 N. W. 193

FILED JUNE 22, 1937. No. 29942.

*John P. Jensen,* for appellants.

*William H. Wright, Attorney General, Robert D. Flory* and *Guy N. Henninger, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

EBERLY, J.

This is a suit in equity to enjoin the enforcement of "Regulation No. 15" which was, on March 25, 1936, promulgated by the Nebraska liquor control commission, in the following form:

"It is hereby ordered by the Nebraska liquor control commission that, effective May 1, 1936, all places licensed for the sale of beer outside the corporate limits of cities or villages shall observe the same opening and closing hours on week days as provided by city or village ordinance in the nearest city or village, for the regulation of similar

licensees within said city or village; provided, however, that if the city or village nearest such licensee does not permit the sale of beer, then the closing hours provided by ordinance in the nearest city or village which does permit the sale of beer within the city or village limits shall be observed."

Plaintiffs' petition alleges that they, Ben R. Griffin and R. O. Thrasher, are, respectively, the owners and operators of a business known as the "1733 Nite Club," and a business known as the "Kearney Club;" that they are retailers of beer without the corporate limits of cities and villages, for consumption on the premises, under and by virtue of the terms and provisions of section 53-326, Comp. St. Supp. 1935; that Ben R. Griffin lawfully secured a retailer's license on May 1, 1936, for the sale of beer, regardless of alcoholic content, only, without the corporate limits of cities and villages, for consumption on the premises where the 1733 Nite Club is situated; and that on March 30, 1936, the plaintiff R. O. Thrasher secured an identical license to carry on the retailing of beer on the premises where that business under the name and style of the Kearney Club has, since the issuance of such license, been lawfully carried on. It is also set forth in the petition that the nearest city or village to the places of business of plaintiffs is the city of Kearney, Nebraska, whose ordinance in terms prohibits the sale, barter, or exchange of beer within such city between the hours of 11 o'clock p. m. and 6 o'clock a. m.; that the Nebraska liquor control commission, in the enforcement of Regulation No. 15, by and through one Melvin Mueller and George W. Sear, the latter being sheriff of Buffalo county, acting pursuant to the directions of such commission and the provisions of Regulation No. 15 referred to, is unlawfully depriving plaintiffs of the right to sell beer at retail under their licenses after 11 o'clock p. m. and before 6 o'clock a. m.

The validity of such Regulation No. 15 is challenged for the following reasons, in substance: (1) As being void and contravening the provisions of section 1, art. II of the Con-

stitution of Nebraska; (2) as being in violation of section 18, art. III of the Constitution of Nebraska, as being local or special law, and not operating alike on all members of a class; (3) as void, because dependent upon the action of municipalities, which may from time to time be changed or amended; (4) as void, because it amounts to an unconstitutional delegation of the power of the legislature and of the Nebraska liquor control commission to the municipality whose ordinances purport to control the subject in issue herein; (5) as void, because depriving plaintiffs of their property without due process of law under section 3, art. I of the Constitution of Nebraska; and (6) as void, because operating as a denial of plaintiffs' equal rights under section 1, art. I of the Constitution of Nebraska.

To this petition a general demurrer was filed, which the trial court sustained, and plaintiffs electing to plead no further, their action was dismissed. From this order plaintiffs appeal.

Preliminary to a discussion of the contentions presented by the record on this appeal, it will be noted that, primarily, injunctive relief is here sought to protect a retail liquor business carried on by plaintiffs under the name and style of the Kearney Club, and a similar business carried on under the name and style of the 1733 Nite Club. The proper use and application of the term "club," in connection with the liquor business in this state, is determined by subsection (18) of sec. 2, ch. 116, Laws 1935 (Comp. St. Supp. 1935, sec. 53-302). The allegations of plaintiffs' petition fully disclose that the nature of the business as carried on by them is not within the statutory definition referred to. In this litigation it appears that we are not dealing with "clubs" in the sense of that term as employed in sections 35, 36, 40, and 45 of our liquor act (Comp. St. Supp. 1935, secs. 53-335, 53-336, 53-340, 53-345). Whether the retail operations as at present organized and carried on are within the inhibitions of section 93 of the legislation referred to (Comp. St. Supp. 1935, sec. 53-393) is a question not raised in this proceeding, and will not be determined.

Therefore, the rights of plaintiffs will be determined on the basis that they are individual licensees under subsection F, sec. 26 of the liquor act (Comp. St. Supp. 1935, sec. 53-326) and all consideration of other features of the business as carried on by them is excluded from consideration.

Two contentions are advanced by appellants, the first being that the provisions of the Nebraska liquor control act were wholly ineffective to confer upon the Nebraska liquor control commission power to regulate the hours of opening and closing on secular days of duly licensed retailers of beer outside of the corporate limits of any city or village. In connection with this question, section 27 of the liquor act (Comp. St. Supp. 1935, sec. 53-327) provides in part:

"A license shall be purely a personal privilege * * * and shall not constitute property, nor shall it be subject to attachment, garnishment or execution, nor shall it be alienable or transferable, voluntarily or involuntarily, or subject to being encumbered or hypothecated."

As applied to the present situation, it appears that "The right to engage in the sale of intoxicating liquors is not one of the privileges or immunities of citizens of the United States which the states are thereby forbidden to abridge, nor can such restrictive statutes be said to deprive persons of liberty or property without due process of law, nor, if not entirely arbitrary in their discrimination between persons, do they deprive any one of the equal protection of the laws." 33 C. J. 508.

So, also, "A license for the sale of liquor is not a contract between the state or municipality granting it and the person to whom it is issued, in any such sense as to be within the protection of constitutional guaranties. It gives no vested rights, such as cannot be abridged or abrogated by the legislative authority in the interests of the public, nor is it in itself property or a right of property, in the ordinary meaning of those terms." 33 C. J. 532. See, also, *Dinuzzo v. State,* 85 Neb. 351, 123 N. W. 309.

We also announced the principle in *State v. Howard,* 96

Neb. 278, 147 N. W. 689, viz.: "Authority to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations, is not an exclusively legislative power. Such authority is administrative in its nature, and its use by administrative officers is essential to the complete exercise of the powers of all the departments."

The foregoing declaration is in line with the more general rule, which appears to be: "But while the legislature may not delegate power to make law, it may vest a large measure of discretionary authority in officers charged with the administration of the laws, as, for example, laws enacted in pursuance of the police power for the protection of the health and safety of the people, or laws for the examination of persons applying for admission to a profession. Obviously, the conferring of administrative powers to enforce a statute is not a delegation of legislative authority. * * * Especially may the legislature authorize an administrative officer or body to make rules and regulations relating to the administration or enforcement of the law." 12 C. J. 844. See, also, 2 Lewis' Sutherland, Statutory Construction (2d ed.) 942, sec. 507.

The text of the liquor act certainly evidences the legislative intent to authorize the adoption of regulations by the Nebraska liquor control commission. Among provisions relating to this subject are:

Section 4 (Comp. St. Supp. 1935, sec. 53-304) : "The power to regulate all phases of the control of the manufacture, distribution, sale and traffic in alcoholic liquors, except as specifically delegated in this act, is hereby vested exclusively in the commission."

Section 46 (b) (Comp. St. Supp. 1935, sec. 53-346) : "The commission may license the sale of beer at retail to applicants who reside in any county outside the corporate limits of any city or village therein. Such retail licenses shall be issued, renewed, rejected or revoked by the commission upon such notice and hearing and subject to such

other rules and regulations as the commission by its own orders shall from time to time fix."

Section 58 (Comp. St. Supp. 1935, sec. 53-358) : "The commission may make such reasonable rules and regulations as may be deemed necessary for the administration of the duties vested in it by the provisions of this act."

Section 97 (Comp. St. Supp. 1935, sec. 53-397) : "This act shall be liberally construed, to the end that the health, safety and welfare of the people of the state of Nebraska shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors.".

"The power to regulate, it has been said, carries full power over the thing subject to regulation; and that, in the absence of restrictive words, the power must be regarded as plenary over the entire subject. The power to regulate may include the power to confine a business with reference to place, or time; * * * to prescribe reasonable rules, regulations and conditions upon which a business may be conducted or permitted, (and) to enforce them." 53 C. J. 1175.

In the instant case, the power to regulate must be exercised in conformity with all the provisions of the Nebraska liquor control act, and in harmony with its spirit and expressed legislative intent. So construed, we find in section 53-337, Comp. St. Supp. 1935, no restrictions on the right of the commission, by reasonable regulations, to determine the permissible hours for the sale of beer regardless of alcoholic content, on secular days, outside the corporate limits of cities and villages.

The second proposition advanced by appellants is that the regulations of the Nebraska liquor control commission, due to the manner of the determination of the permissive hours for the sale of beer outside of cities and villages, are unreasonable and discriminatory.

Two principles must be borne in mind, in the consideration of the question presented, viz.:

(1) "The unconstitutionality of a statute on the ground that it denies equal rights and privileges by discriminating between persons or classes of persons may not be raised by one not belonging to the class alleged to be discriminated against. This has been held in numerous cases, and the rule applies to all cases affecting civil rights of every kind and also to cases in which property rights only are affected." 12 C. J. 768. By analogy a similar rule would be equally controlling where a regulation prescribed by competent authority is likewise attacked as discriminatory.

(2) The second determinative principle here is the fact that the case is presented for review upon the correctness of the order of the trial court sustaining a general demurrer to plaintiffs' petition. Under these circumstances, the following principles are clearly binding upon the trial court, as well as on this court of review, viz.: "As a general rule, only the pleading demurred to may be considered in passing on the demurrer. The court must assume that the facts are as alleged, and cannot assume the existence of any facts not alleged, nor find facts in aid of the pleading, nor hear evidence on the questions involved, nor consider what evidence may be introduced at the trial." 6 Standard Ency. of Procedure, 981.

Courts cannot consider extrinsic facts admitted by the parties or counsel, nor an agreed statement of facts, nor can matters within the personal knowledge of the court be considered. 6 Standard Ency. of Procedure, 984, 985. See, also, *Bresee v. Preston,* 91 Neb. 174, 135 N. W. 544; *City Savings Bank v. Carlon,* 87 Neb. 266, 127 N. W. 161.

So, also, we are committed to the doctrine that a general demurrer admits the truth of all material facts well pleaded, but does not admit the conclusions of law. *Bresee v. Preston,* 91 Neb. 174, 135 N. W. 544; *American Water-Works Co. v. State,* 46 Neb. 194, 64 N. W. 711; *State v. Ramsey,* 50 Neb. 166, 69 N. W. 758; *Dobney v. Chicago & N. W. R. Co.,* 120 Neb. 824, 235 N. W. 585; *U. S. Theatre Supply Co. v. Creal,* 122 Neb. 743, 241 N. W. 529; *Thurston County v. Farley,* 128 Neb. 756, 260 N. W. 397.

"A demurrer admits allegations only of fact. It does not admit conclusions of the pleader, except when they are supported by, and necessarily result from, the facts stated in the pleading. It does not admit inferences of the pleader from the facts alleged, nor mere expressions of opinion, nor theories of the pleader as to the effect of the facts, nor allegations of what will happen in the future, nor arguments." 6 Standard Ency. of Procedure, 949. See, also, *Thurston County v. Farley*, 128 Neb. 756, 260 N. W. 397; *Moriarty v. Cochran*, 75 Neb. 835, 106 N. W. 1011; *State v. Porter*, 69 Neb. 203, 95 N. W. 769; *Markey v. School District*, 58 Neb. 479, 78 N. W. 932.

"The ultimate or issuable facts to be established should be alleged in a pleading." *Markey v. School District, supra.*

It was contended by appellants in their argument at the bar of this court that, the hours during which the sale of beer without the limits of municipalities was permitted being fixed by the city or village ordinance of the municipality situated nearest to such place of sale, the diverse provisions of the various ordinances applicable and determinative would result in the regulations being unreasonable and discriminatory.

The ultimate or issuable facts alleged in the petition in this case have already been summarized. It contains no allegation of the existence of terms of any city or village ordinance pertaining to the sale of beer, save and except Ordinance No. 784 of the city of Kearney, Nebraska. However, the date of the adoption and approval of such ordinance is not alleged.

As we have already seen, in the consideration of the present record, we cannot assume the existence of facts not alleged; and, in addition, courts of appeal will not as a general rule take judicial notice of municipal ordinances. *Foley v. State*, 42 Neb. 233, 60 N. W. 574. It follows that for the purpose of this case Ordinance No. 784 is the only one now for consideration. It also appears that this petition contains no allegations of the existence or location of any "retailers of beer without corporate limits," save and

except the plaintiffs herein. Considering the foregoing as of the "ultimate facts" of the situation, discrimination against plaintiffs as contended by them, could not exist.

As to the method pursued by the Nebraska liquor control commission in framing and promulgating Regulation No. 15, it seems clear that it is justified, by analogy at least, by the rule applicable to statutory enactments. The commission's intent was clearly evidenced by the employment of suitable words of reference which in effect incorporated the matters referred to and indicated as part of the regulation issued.

"Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent." 2 Lewis' Sutherland, Statutory Construction (2d ed.) 787, sec. 405.

However, in *State v. Howard*, 96 Neb. 278, 147 N. W. 689, the matter of the validity of a statute in effect adopting by reference the New York standard form of policy, "as now or may hereafter be constituted," was presented to this court. The enactment, so far as it operated to adopt the New York standard form of policy *as now constituted,* was approved, but "that portion of the section referred to which provides that the New York form shall be used as it 'may be hereafter constituted' " was held invalid. As to the challenge of plaintiffs that Regulation No. 15 is unconstitutional as applied to ordinances pertaining to this subject as subsequently enacted or amended, it may be said that a well-established rule of construction, equally applicable to "regulations," is: "All cases to which a statute cannot constitutionally apply will be excepted by necessary

implication, however absolute and express the provision may be." 2 Lewis' Sutherland, Statutory Construction (2d ed.) 939, sec. 503.

At all events, the constitutionality of Regulation No. 15, as applied to ordinances and amendments thereto made subsequent to the date of its promulgation, is not presented by this record, and may not now be properly determined.

Under the limitations imposed by the present record, and restricted to a disposition of the issues actually presented by it for review, we find that, from plaintiffs' petition, it does not appear that what is here shown to be in effect the adoption by the commission, by reference, of section 3 of Ordinance No. 784 of the city of Kearney, Nebraska (the petition being silent as to the existence of other similar ordinances), as a part of its Regulation No. 15, and its enforcement by defendants, in any manner unlawfully impaired plaintiffs' rights, or damaged their properties or their business.

Therefore, the judgment entered by the district court dismissing this action is correct, and it is

AFFIRMED.

DAY and CARTER, JJ., dissent.