MARSH & MARSH, INC., APPELLANTS, V. WILLIAM W. CARMICHAEL ET AL., APPELLEES.

287 N. W. 616

FILED SEPTEMBER 22, 1939.   No. 30578.

Joseph B. Fradenburg and Alfred A. Fiedler, for appellants.

*Walter R. Johnson, Attorney General, Robert D. Flory* and *John L. Riddell, contra.*

*Wright, Wright & Kennedy, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a suit in equity for a perpetual injunction restraining defendants, the members of the Nebraska liquor control commission, from enforcing an order forbidding the sale of beer in 32-ounce or quart bottles.

Plaintiffs allege they are a corporation licensed as wholesale distributors of beer in Nebraska; that they are distributors for the Premier Pabst Brewing Corporation; that between October 1, 1936, and May 4, 1937, they built up a large and lucrative trade in Pabst beer sold in 32-ounce bottles, a business constituting a valuable property right; that on May 4, 1937, defendants, as the Nebraska liquor control commission, issued an order declaring the sale of beer in 32-ounce bottles illegal and such sales thereafter were forbidden; that plaintiffs complained of the ruling and upon a hearing before the commission May 21, 1937, the order of May 4, 1937, was sustained and the following sizes of packages for beer only authorized as legal: 12-ounce package, 24-ounce package, 64-ounce package, 31-gallon barrel, 15½-gallon barrel, 7¾-gallon barrel, and 3⅞-gallon barrel.

It is further alleged in the petition that the law makes no provision for an appeal from an order of the commission and that plaintiffs are without remedy except by injunction in equity to prevent enforcement of the order; that sales of beer in 32-ounce bottles were interrupted by the order of the commission and valuable property rights of plaintiffs thus damaged; that violation of the order would result in the revocation of the license of plaintiffs as wholesale distributors of beer; that the sale of beer in 32-ounce bottles or quarts is a legal and recognized liquid measure

which does not violate any law of Nebraska; that the order of the commission is capricious and discriminative; that it is unconstitutional and void because it deprives plaintiffs of the protection of the fifth and fourteenth amendments of the Constitution of the United States and of sections 3 and 25 of the Bill of Rights of the Nebraska Constitution.

It is further alleged that the portion of section 53-316, Supplement of the Compiled Statutes of 1935, conferring on the commission power to make "rules and regulations fixing and determining the nature, form and capacity of all containers used for alcoholic liquors," is unconstitutional and void on the grounds which invalidate the order of the commission.

To the petition for an injunction defendants interposed a general demurrer which the trial court sustained. Plaintiffs refused to plead further and elected to stand on their petition. The action was dismissed and plaintiffs appealed.

Among the powers of the Nebraska liquor control commission as an administrative body are the following legislative grants:

"The commission shall have the following powers, functions and duties: (1) To receive applications for, and to issue and revoke licenses to manufacturers, distributors, non-beverage users, retailers, railroads, including owners and lessees of sleeping, dining and café cars; and boats, in accordance with the provisions of this Act. (2) To fix by regulation the standards of manufacture of alcoholic liquors not inconsistent with federal laws in order to insure the use of proper ingredients and methods in the manufacture and distribution thereof; and to establish rules, not inconsistent with federal laws, for the proper labeling of containers or barrels, casks or other bulk containers or bottles of alcoholic liquor manufactured or sold in this state. It is intended by this grant of the power to adopt rules and regulations, that the commission shall be clothed with broad discretionary powers to govern the traffic in alcoholic liquors, and to enforce strictly all the provisions of this Act in the interest of sanitation, purity of products, truthful

representations and honest dealings in such manner as generally will promote the public health and welfare. Such rules and regulations shall include, among such other things as the commission may determine, rules and regulations fixing and determining the nature, form and capacity of all containers used for alcoholic liquors; determining the nature and representations to be shown upon labels attached to containers, and the commission shall require that the labels attached to all original containers or packages of alcoholic liquors sold or offered for sale in this state shall set forth in plain and legible print in the English language the quantity of such liquors in full gallons, quarts, pints, or half-pints exclusive of the package or cask containing it, or in fractions or in multiples thereof: Provided, no original package of alcoholic liquors sold or offered for sale in the original package in this state shall contain less than one-half pint; prescribing the conditions as to the issuance of duplicate licenses in lieu of those lost or destroyed, determining for what violations of the rules and regulations, licenses shall be suspended or revoked; establishing standards of purity, sanitation, honest advertising, and representations; the form of revenue stamps and the method of affixing same to the containers, which stamps shall be of such design, character, color combinations, color changes, sizes and material as the commission may by its rules and regulations determine to afford the best security to the state; and requiring the destruction of stamps upon containers which have been opened, and any and all the other details which are necessary or convenient to the enforcement of the intent, purpose and requirements of this Act, and, in case of manufacturers and distributors of alcoholic liquors, the commission shall require that the labels attached to all containers of such liquors, as are intended for sale in this state, shall set forth among other things in plain legible print in the English language the grade and quality of such liquors, together with their alcoholic content, except in the case of beer, and age, and, if the liquors to be sold in this state be a blended product, then said labels shall also include the

other ingredients contained in such blended product. All such rules and regulations shall be absolutely binding upon all licensees and enforceable by the commission through the power of suspension or cancelation of licenses." Comp. St. Supp. 1935, sec. 53-316.

Plaintiffs argue that the sale of beer in Nebraska has been legalized and that they are engaged in a lawful business as much so as any other wholesale distributor of legal products and are entitled to the same protection.

The act under which plaintiffs procured their license and right to sell beer provides that the license shall be purely a personal privilege and shall not constitute property. The license is not alienable nor transferable nor subject to encumbrance or hypothecation. Comp. St. Supp. 1935, sec. 53-327. In the recent case of *Griffin v. Gass*, 133 Neb. 56, 274 N. W. 193, rules of universal application were recognized as follows:

"The right to engage in the sale of intoxicating liquors is not one of the privileges or immunities of citizens of the United States which the states are thereby forbidden to abridge, nor can such restrictive statutes be said to deprive persons of liberty or property without due process of law, nor, if not entirely arbitrary in their discrimination between persons, do they deprive any one of the equal protection of the laws." Citing 33 C. J. 508.

"A license for the sale of liquor is not a contract between the state or municipality granting it and the person to whom it is issued, in any such sense as to be within the protection of constitutional guaranties. It gives no vested rights, such as cannot be abridged or abrogated by the legislative authority in the interests of the public, nor is it in itself property or a right of property, in the ordinary meaning of those terms." Citing 33 C. J. 532. See, also, *Dinuzzo v. State*, 85 Neb. 351, 123 N. W. 309.

Long before the act creating the liquor control commission was passed, the law was announced as follows:

"There is no vested right in a license to sell intoxicating liquors, which the state may not take away at pleasure. * * *

Such licenses are not contracts between the state or municipality issuing them and the licensee, but are mere temporary permits to do what otherwise would be unlawful. * * * They are subject to the direction of the government, which may revoke them as it deems fit." *Martin v. State,* 23 Neb. 371, 36 N. W. 554. Followed in *Dinuzzo v. State,* 85 Neb. 351, 123 N. W. 309.

The state may take away the right of licensees to sell alcoholic liquors in quart bottles, though the effect of such a regulation is to reduce or destroy the value of property formerly used in the traffic therein; nor does such a regulation amount to the taking of private property for a public use or deprive the owner of it without due process of law. *Mugler v. Kansas,* 123 U. S. 623, 8 S. Ct. 273.

The fifth amendment of the federal Constitution, providing that no person shall be deprived of life, liberty or property without due process of law, restricts the federal government but not the states. *Bolln v. Nebraska,* 176 U. S. 83, 20 S. Ct. 287; 12 C. J. 1193. A similar provision in the state Constitution does not protect a licensee in the right to sell beer in quart bottles, since that privilege, as already explained, does not constitute property or a vested or contractual right. The Nebraska Constitution provides also that "There shall be no discrimination between citizens of the United States in respect to the acquisition, ownership, possession, enjoyment or descent of property," but this provision does not invalidate the order of the commission for the reason that the restriction imposed by it applies alike to all persons in the same class and is not void as discriminative. Const. art. I, sec. 25. It is not shown to be arbitrary or capricious or unreasonable.

The sale of beer under the license of plaintiffs, however, is not forbidden by the regulation of the commission. Sales in 32-ounce or quart bottles are forbidden under uniform standards of measures established by the commission under the police power of the state. Wholesalers of foods and of other harmless commodities are required to comply with regulations fixing capacities of containers. If not unrea-

sonable, they are sustained by both federal and state courts. The statute does not require the commission to make 32-ounce or quart bottles a standard of measure for beer. The capacities of the containers may be in fractions or multiples of a quart. Uniformity in sizes of containers facilitates inspection and labeling of contents for the protection of the public. In a recent case the supreme court of the United States said:

"The power of a state to prescribe standard containers in order to facilitate trading, to preserve the condition of the merchandise, to protect buyers from deception, or to prevent unfair competition is conceded. Such regulation of trade is a part of the inspection laws; was among the earliest exertions of the police power in America; has been persistent; and has been widely applied to merchandise commonly sold in containers. See *Turner v. Maryland,* 107 U. S. 38, 51-54. Latterly, with the broadening of the field of distribution and the growing use of containers in the retail trade, the scope of the regulation has been much extended." *Pacific States Box & Basket Co. v. White,* 296 U. S. 176, 56 S. Ct. 159.

The legislative grant authorizing the Nebraska liquor control commission, an administrative body, to make rules and regulations fixing and determining the nature, form and capacity of all containers used for alcoholic liquors and the order of the commission pursuant thereto were valid exercises of police power. *State v. Howard,* 96 Neb. 278, 147 N. W. 689; *Griffin v. Gass,* 133 Neb. 56, 274 N. W. 193; *Petersen Baking Co. v. Bryan,* 124 Neb. 464, 247 N. W. 39; *Id.,* 290 U. S. 570, 54 S. Ct. 277.

Plaintiffs did not plead any fact showing the invalidity of the legislation challenged as unconstitutional nor of the order of the commission. There is no equity in the bill for an injunction and the demurrer to the petition was properly sustained.

AFFIRMED.