

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 7, 1965

Honorable John C. White
Commissioner of Agriculture
John H. Reagan Building
Austin, Texas

Opinion No. C-450

Re: Whether the sale of cer-
tain packages of sliced
bread weighing less than
one pound violates the
provisions of Rule 5 of
Article 719 of Vernon's
Penal Code.

Dear Mr. White:

You have requested the opinion of this office in con-
nection with the following questions:

"1. Does a 'loaf' of bread lose its identity
and need for conformity to the law when the product
is baked in the usual fashion but packaged in slices
without end pieces and labeled as 'bread slices' with
a total weight of less than a pound?

"2. Under the circumstances as above, would
the elimination of the word 'bread' on the label
and the substitution of a descriptive phrase such
as 'party slices' or 'rye slices' or similar term(s)
exempt the product from provisions of the law?

"3. If the slices are packaged in a fashion
as to distinguish them somewhat from the usual pound
or heavier loaf, can the wrap cause the bread to
lose its identity as a 'loaf' and exempt it from the
law?

"4. Is it your opinion that the makers of the
law intended the term 'loaf' as a general application
to a unit of merchandisable bread or is the law limited
to a bread product whose shape or configuration has, by
common usage, established it as a 'loaf'?"

Rule 5 of Article 719, Vernon's Penal Code, provides
that:

-2133-

> "Bread to be sold by the loaf made by bakers engaged in the business of wholesaling and retailing bread, shall be sold based upon any of the following standards of weight and no other, namely: a loaf weighing one pound or 16 ounces, a loaf weighing 24 ounces or a pound and a half, and loaves weighing two pounds or 32 ounces, and loaves weighing three pounds, or some other multiple of one pound or 16 ounces. These shall be the standard of weight for bread to be sold by the loaf. Variations, or tolerance, shall not exceed one ounce per pound over or under the said standard within a period of 24 hours after baking."

In regard to the foregoing statute and questions you have set forth in your opinion request that:

> "The statute was passed in 1921. In 1921, practically all the bread offered for sale was sold in a solid, uncut or undivided loaf and sold by the pound and other multiples of a pound and sold as an unwrapped product. The wrapping of bread with labels on the wrapper descriptive of the contents was unknown at that time and no such product as sliced bread or sliced rolls was being made then. . . ."

In Attorney General's Opinion No. WW-290 (1957), the question was presented as to whether a one pound package of Rye Slices composed of two rows of slices in a cardboard box with a cellophane overwrap could be legally sold in Texas in view of the provisions of Rule 5 of Article 719. In holding that such a sale was not in violation of Rule 5 of Article 719, it was stated in Attorney General's Opinion No. WW-290 (1957) that:

> "The purpose for prescribing standard weights for loaves of bread is to prevent the vendor from selling loaves of similar size as those of a larger size. 90 A.L.R. 1291. In the case of the product at hand, we fail to find any factor present which would tend to mislead the public. As a result of the packaging of the product, the buyer must purchase both rows of slices, which have an aggregate weight of one pound. Thus, it is logical, we believe, to hold that the purchaser is in fact getting 'a loaf' of bread which weighs one pound. . . ."

In the case of Petersen Baking Co. v. Bryan, 290 U.S. 570 (1934), the United States Supreme Court had before it the

question of the validity of a statute of the State of Nebraska similar to Rule 5 of Article 719. The Court in its opinion upholding the validity of the statute stated that:

". . .The fixing of a maximum weight for each size or class of loaves is not unreasonable. In Burns Baking Co. v. Bryan, 264 U.S. 504, we were called on to consider the constitutionality of a similar measure. . . .We were there adverted to the undoubted power of the State to protect purchasers of bread from imposition by the sale of short-weight loaves (Schmidinger v. Chicago, 226 U.S. 578, 588) and showed that the purpose of prescribing minimum weights is to prevent sellers from palming off loaves of smaller size as those of a larger size. . . ."

In view of the foregoing, it seems obvious that the intent of the Legislature in enacting Rule 5 of Article 719 was to protect purchasers of bread from being misled by "short-weight" loaves or units of bread. The Legislature, by prescribing the various weights that bread could be offered to the public for sale, was protecting the unwary from the unscrupulous. Such being the case, we are of the opinion that the use of the word "loaf" or "loaves" in Rule 5 of Article 719 should not be given a narrow or restrictive construction which might easily result in defeating the legislative intent. This viewpoint is well recognized as a cardinal rule of statutory construction. See 39 Tex.Jur., Section 110, Statutes.

We are therefore of the opinion that your first three questions should be answered in the negative. The mere descriptive designation, manner of packaging or method of slicing a loaf or unit of bread will not operate to exempt the vendor of such bread from the requirements of Rule 5 of Article 719.

As to the remaining question posed, we are of the opinion that it is the obvious legislative intent, in view of the foregoing authorities, that the use of the word "loaf" or "loaves" in Rule 5 of Article 719 refers to a "unit" of bread being offered for sale rather than the bread's shape or configuration.

### S U M M A R Y

The mere descriptive designation, manner of packaging or method of slicing a loaf or unit of bread being offered for sale will not operate to

exempt the vendor of such bread from the require-
ments of Rule 5 of Article 719, Vernon's Penal
Code.

The use of the word "loaf" or "loaves" in
Rule 5 of Article 719, Vernon's Penal Code, refers
to a "unit" of bread being offered for sale rather
than the bread's shape and configuration.

Very truly yours,

WAGGONER CARR
Attorney General

By: Pat Bailey
Pat Bailey
Assistant

PB:mkh

APPROVED:
OPINION COMMITTEE

George Gray, III, Acting Chairman
Bill Allen
John Banks
V. F. Taylor
Bob Norris

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright