OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 26, 1999

William R. Archer III, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. JC-0007

Re: Whether the federal Nutrition Labeling and Education Act of 1990 preempts Texas Health and Safety Code section 434.007 (RQ-1202)

Dear Commissioner Archer:

Your predecessor in office asked whether the federal Nutrition Labeling and Education Act of 1990 preempts Texas Health and Safety Code section 434.007, a state statute establishing mandatory standard weights for bread loaves. We limit ourselves to your predecessor's precise query. We address only Health and Safety Code section 434.007 and not any of the other provisions in Health and Safety Code chapter 434 governing the manufacture of bread. Nor do we address the preemptive effect of any federal law other than the Nutrition Labeling and Education Act of 1990. Finally, we express no opinion regarding whether section 434.007 is an otherwise valid or enforceable statute. Applying preemption standards developed by the United States Supreme Court and followed by courts of this state, we conclude that the federal provision you ask about does not preempt the state statute, at least as a matter of law.

We begin with a brief review of the state and federal statutes at issue. The state statute, Health and Safety Code section 434.007, provides in pertinent part as follows:

> (a) Loaves of bread made by persons in the business of wholesaling and retailing bread must comply with the weight standards in this section.
>
> (b) The standard weights for a loaf of bread are:
>
> (1) one pound;
>
> (2) 1 ½ pounds; or
>
> (3) any other multiple of one pound.
>
> (c) This section does not prohibit the sale of bread slices in properly labeled packages weighing eight ounces or less.

> (d) Variations in the weight standard may not exceed one ounce a pound
> within 24 hours after baking.

TEX. HEALTH & SAFETY CODE ANN. § 434.007(a)-(d) (Vernon 1992). Violation of this provision is an offense "punishable by a fine of not less than $25 or more than $200." *Id.* § 434.008. The first of the statutory predecessors to section 434.007 dates from the beginning of this century.[1] Similar statutes were enacted in many states "to prevent fraud on the public in the sale of bread" and "to prevent unfair competition among dealers." 35 AM. JUR. 2D *Food* § 34 (1967) (weight of loaves).[2] As this office stated in a 1957 opinion, "[t]he purpose for prescribing standard weights for loaves of bread is to prevent the vendor from selling loaves of similar size as those of a larger size." Tex. Att'y Gen. Op. No. WW-290 (1957) at 2. Texas is not alone in continuing to prescribe bread loaf weight standards. A number of other states maintain similar statutes. *See, e.g.,* CONN. GEN. STAT. § 21a-154 (1994); IDAHO CODE § 71-236 (Supp. 1998); IOWA CODE § 210.19 (1994); MASS. GEN. LAWS ch. 94, § 7 (1997); MONT. CODE ANN. § 30-12-402 (1997); NEV. REV. STAT. § 581.370 (1994).

Federal statutes regulating food standards and labeling are codified in chapter 9 of title 21 of the United States Code, the Federal Food, Drug, and Cosmetic Act. Section 341 of title 21 authorizes the Secretary of Health and Human Services to promulgate regulations establishing standards of identity, *i.e.,* ingredients for food products and standards of fill of food containers. Section 343 governs the labeling of food products. Much like the state statutes governing the weight of bread loaves, the original purpose of these federal provisions was to protect consumers. *See generally Federal Sec. Adm'r v. Quaker Oats Co.,* 318 U.S. 218, 230-35 (1943).

Under the Supremacy Clause of the United States Constitution, the laws of the United States are "the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. In determining whether a federal statute preempts state law, Texas courts are "bound to give effect to the will of Congress," *Worthy v. Collagen Corp.,* 967 S.W.2d 360, 367 (Tex. 1998), and follow guidelines established by the United States Supreme Court to divine congressional intent. The Texas Supreme Court recently summarized those guidelines as follows:

> A state law is preempted and "without effect" if it conflicts with federal law.
> A federal law may expressly preempt state law. Additionally, preemption
> may be implied if the scope of the statute indicates that Congress intended
> federal law to occupy the field exclusively or when state law actually
> conflicts with federal law. A state law presents an actual conflict with federal

---

[1] The Revisor's Note to Health and Safety Code section 434.007 indicates that the provision's first statutory predecessor was in the Revised Civil Statutes of 1911.

[2] Most of the state statutes survived constitutional challenges. *Compare P.F. Petersen Baking Co. v. Bryan,* 290 U.S. 570 (1934) (upholding state statute limiting variations in permitted weight of bread loaves to three ounces per pound within 12 hours after cooling) *with Jay Burns Baking Co. v. Bryan,* 264 U.S. 504 (1924) (striking down statute limiting variations in permitted weight of bread loaves to two ounces per pound for 24 hours after baking).

> law when "'it is impossible for a private party to comply with both state and federal requirements' or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"

*Hyundai Motor Co. v. Alvarado*, 974 S.W.2d 1, 4 (Tex. 1998) (citations omitted).

First, we consider whether the federal Nutrition Labeling and Education Act of 1990 expressly preempts state law. The 1990 statute amended the Federal Food, Drug, and Cosmetic Act to include the following relevant provisions regarding federal preemption:

> [N]o State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce–
>
> (1) any requirement for a food which is the subject of a standard of identity established under section 341 of this title that is not identical to such standard of identity or that is not identical to the requirement of section 343(g) of this title, . . .
>
> (2) any requirement for the labeling of food of the type required by section 343(c), 343(e) or 343(i)(2) of this title that is not identical to the requirement of such section, . . .
>
> (3) any requirement for the labeling of food of the type required by section 343(b), (d), (f), (h), (i)(1) or (k) of this title that is not identical to the requirement of such section, . . . .

21 U.S.C. § 343-1(a)(1)-(3) (1994). In addition, Congress included the following proviso regarding preemption in section 6(c) of the federal Nutrition Labeling and Education Act of 1990: "The Nutrition Labeling and Education Act of 1990 shall not be construed to preempt any provision of State law, unless such provision is expressly preempted under section 403A of the Federal Food, Drug, and Cosmetic Act,"[3] the provision now codified as 21 U.S.C. § 343-1.

We have examined the federal regulations regarding standards of identity and standards of fill promulgated under 21 U.S.C. § 341 and have found no provision expressly prescribing or precluding weight standards for loaves of bread. *See* 21 C.F.R. pts. 130 (general food standards), 136 (governing ingredients and labeling of bakery products, including bread) (1998). We have also examined the federal statute governing misbranded food and nutrition labeling, 21 U.S.C. § 343. Again, we found no provision expressly prescribing or precluding standard weights for loaves of bread. Title 21 U.S.C. § 343(e) requires a package to bear a label containing an accurate statement of quantity, which may be stated in terms of weight, and provides for reasonable variations. Title

---

[3]Nutrition Labeling and Education Act of 1990, Pub. L. No. 101-535, 104 Stat. 2353, § 6(c)(1) (1990).

21 C.F.R. § 101.105 requires the display panel of a product to bear a declaration of the net quantity of contents and specifically dictates how declarations of weight must be expressed, *see* 21 C.F.R. § 101.105(k) (1998). The regulation requires that the declaration of quantity be accurate, but permits reasonable variations caused by loss or gain of moisture. *See id.* § 101.105(q). Neither the statute nor the regulation dictates standard weights for loaves of bread. Given the absence of a federal statutory provision or regulation under 21 U.S.C. §§ 341 and 343 expressly prescribing or precluding standard weights for loaves of bread, we believe that Health and Safety Code section 434.007 is not expressly preempted by the federal Nutrition Labeling and Education Act of 1990.

An express preemption provision may, but does not necessarily, foreclose implied preemption. *See Hyundai Motor Co.*, 974 S.W.2d at 9. Thus, we also consider whether preemption of the state statute may be implied. Your predecessor in office contended that the Health and Safety Code provision requiring loaves of bread to comply with state weight standards is preempted by the federal statute because federal law requires a bread label to reflect accurate weight and "occupies the field in question." We disagree. First, we believe that the express preemption statement of Congress in section 6(c) of the federal Nutrition Labeling and Education Act of 1990 (that the act shall not be construed to preempt any provision of state law unless that provision is expressly preempted) indicates that Congress did not intend to occupy the field. *See id.* at 10 (stating with respect to the National Traffic and Motor Vehicle Safety Act of 1966 that "[b]y limiting the Act's express preemption clause to instances in which the Secretary has adopted a safety standard, Congress implicitly left the states free to enforce their own standards in the interstices."). Furthermore, because no federal statute or regulation dictates standard weights for loaves of bread, it seems possible for a person to comply with federal labeling requirements and regulations regarding standards of identity and standards of fill, on the one hand, and the state weight standards, on the other.

Finally, it does not appear that the enforcement of the state weight standards would interfere with the enforcement of the federal statutes and regulations. For this reason, we do not believe that the state statute "stands as an obstacle to accomplishment and execution of the full purposes and objectives of Congress." *Jones v. Rath Packing Co.*, 430 U.S. 519, 526 (1977). We note, however, that a court, in making the determination whether a state law stands as an obstacle to the objectives of Congress, would "consider the relationship between state and federal laws as they are interpreted and applied, not merely as they are written." *Id.* In *Rath Packing Co.*, for example, food packagers asserted that California state laws governing food package weights and labeling were preempted by federal law. The state laws at issue provided that the average weight of packages in a lot not be less than the weight stated on the package. The federal law at issue, 21 U.S.C. § 343(e), required packages to bear a label containing an accurate statement of weight but allowed "reasonable variations." The Court held that the state provisions were preempted because of the possible effect of the different rules on the packaging practices of manufacturers who distribute within the state versus those who distribute nationally and the impact of inconsistent practices on consumers' ability to make value comparisons. *See Rath Packing Co.*, 430 U.S. at 542-43. Here, federal law allows reasonable deviations in stated bread weights, *see* 21 C.F.R. § 101.105(q) (1998), whereas Health

and Safety Code section 434.007 limits variations in the weight standard to one ounce a pound within twenty-four hours after baking, *see* TEX. HEALTH & SAFETY CODE ANN. § 434.007(d) (Vernon 1992). A trier of fact could assess the practical consequences of these differences, if any. This office does not make fact findings, however, and cannot determine whether enforcement of section 434.007 would interfere, as a matter of fact, with the goals of the federal law.

In sum, we do not believe that the federal Nutrition Labeling and Education Act of 1990 preempts Health and Safety Code section 434.007, at least as a matter of law. We acknowledge that the state law, which was enacted to protect consumers from deception and fraud in an earlier era, may be an anachronism in light of comprehensive federal labeling requirements and changes in bread packaging over the course of the century.[4] It is for the legislature, not this office, however, to make that policy judgment and repeal the statute if it chooses to do so.

---

[4]As this office noted, when the 1921 statutory predecessor to section 434.007 was enacted, "practically all the bread offered for sale was sold in a solid, uncut or undivided loaf and sold by the pound and other multiples of a pound and sold as an unwrapped product. The wrapping of bread with labels on the wrapper descriptive of the contents was unknown at that time . . . ." Tex. Att'y Gen. Op. No. C-450 (1965) at 2.

# S U M M A R Y

The federal Nutrition Labeling and Education Act of 1990, 21 U.S.C. § 343-1(a) (1994), does not preempt Texas Health and Safety Code section 434.007, which establishes standard weights for bread loaves, at least as a matter of law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General