**STATE ex KEVILLE et v FAUROT et**

Ohio Appeals, 3rd Dist, Allen Co

No 607. Decided Jan 14, 1933

B. F. Welty, Lima, F. W. Durbin, Lima, John F. Emans, Lima, Carl Blank, Lima, and Robert F. Jones, for relator.

Melvin C. Light, Lima, Wilmer Welty, and John W. Roby, Lima, for respondents.

KLINGER, J.

The first proposition requested, is that the commission pass an ordinance to record the result of the election held on November 8, 1932. No authority was cited by counsel on either side, directing that the city officials do anything more than was done by them, inasmuch as they did file the petition and all the other papers, and no special provision is made, at least none was cited to the court, requiring that the same be recorded or that an ordinance must be passed showing the record of the vote cast.

The second and third propositions requested, that the commission pass an ordinance showing a record of the votes cast at the election to amend the charter, held November 8, 1932, and declare that the charter adopted November 2, 1920, by the City of Lima, Ohio, was repealed, are vain requests. They answer no purpose and are not such functions that the extraordinary legal remedy of mandamus can be resorted to.

As to the fourth proposition, that the Commission declare that the charter approved by the electors on November 8, 1932, is a valid charter of the City of Lima, Ohio, and record said charter in a suitable book for reference and information, it may be said that there is no authority demanding

that they keep the charter recorded in a suitable book for reference and information.

The fifth request has been complied with. The result of the election was certified to the Secretary of State by both the Board of Elections and the City Commission. In the opinion of this court, however, it was not necessary for the City Commission to certify or send a copy to the Secretary of State, but it was the duty of the Board of Elections, under §9 **of Article 18 of the Constitution of Ohio.**

The sixth request, that the commission pass an ordinance to call for the election of a Mayor, Auditor, City Solicitor, as provided by the charter adopted November 8, 1932, and the laws of Ohio, it may be said there is no provision in the new charter adopted in 1932, or in the constitution or statutes, requiring a special election for the nomination and election of officers on the adoption of the charter. Hence, there is no authority by which this court could command performance of a duty that is not specifically provided for by the constitution, the statutes or by the charter.

In the seventh request, the relator asks that this court compel the City Commission to pass an ordinance to divide the city into wards, as provided by the charter adopted November 8, 1932, and the laws of Ohio.

Judges Crow and Kinder are of the opinion that the ordinance adopted by the City Commission, dividing the city into six wards, is without authority and null and void, under §25 of the amended charter, inasmuch as that section clearly continues the existing districting, until the council to be elected under the amended charter, shall have taken that step. Such is the finding of the court on that point. Judge Klinger does not concur in this conclusion.

The City Commission did cause the city to be divided into six wards. If they were required, under the statute and charter to do this at that time, they have done the very thing that the relator seeks the aid of this court to compel them to do. The mere fact that in doing this work they made the division differently than this court or the relator might do the same, does not warrant interference on the part of the court by this extraordinary legal remedy.

Mandamus is an extraordinary legal remedy and is not available where the statute, constitution and municipal charter provide ways and means to secure the relief or prevent the wrongs contemplated. The mere fact that a public official, in the doing of an official act, does it differently than desired by the people interested, does

not warrant the court in exercising its authority of mandamus.

In the eighth proposition, the relator asks that the City Commission be directed to repeal an ordinance passed November 12, 1932, dividing the city into wards, because it is illegal. This would be exercising an extraordinary legal remedy for a purpose not contemplated under our constitution and laws. We know of no authority to compel, by mandamus, a council or commission to repeal an ordinance because it is illegal.

The ninth request is that the Commission pass an ordinance to fix the salaries in accordance with the provisions of the charter adopted by the electors of the City of Lima on November 8, 1932, until their successors are elected and qualified. As stated before, the new charter specifically provides that the officers shall continue to hold their respective offices and to function, until the new order is inaugurated and established. The court would be without authority to compel the City Commission to fix different compensation for the services performed during the interim until a new set of officers are elected and qualified as provided in the new charter, than was allowed before the election adopting the new charter, for the same kind of services.

The matter of salaries is the subject of another suit now pending in the Court of Common Pleas of Allen County, Ohio, which was commenced before the instant case was filed, which under all the decisions in Ohio, prevents this court from adjudicating the same question. Moreover, the petition of relator herein sets forth that the salaries were fixed by an ordinance of the City Commission prior to the adoption of the amended charter, and §124 of the amended charter provides that all ordinances in force at the time of the taking effect of the amended charter not inconsistent with its provisions, shall continue in full force and effect until amended or repealed.

In addition to the constitution, statutes and city charter heretofore referred to, we cite the following cases in support of the conclusions herein given. **48 Oh St, page 435. 116 Oh St, page 390. 101 Oh St, page 354. 121 Oh St, pages 519, 477, 611, 631, 504, 472 and 352. 107 Oh St, pages 406 and 23.**

Sec 4316, GC, requires that in a case like this, the taxpayer shall be allowed his costs when the court is satisfied that he had good cause to believe his allegations were well founded; nothing appeared at any place in the case to suggest that the taxpayer did not bring this suit in good faith and it

must be presumed that he did so act. Hence, the costs are adjudged against respondents, but the judgment not being in favor of the taxpayer, no compensation for his attorneys is allowed.

For the foregoing reasons, the prayer of the relator for a peremptory writ will be denied, at costs of the respondents.

Before
JUDGES CROW, KLINGER and KINDER