STATE EX REL. NEBRASKA BEER WHOLESALERS ASSOCIATION,
A CORPORATION, ET AL., APPELLEES, V. BLAINE YOUNG
ET AL., AS MEMBERS OF THE NEBRASKA LIQUOR
CONTROL COMMISSION, APPELLANTS.
44 N. W. 2d 806

Filed December 8, 1950.   No. 32851.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellants.

*Max V. Beghtol* and *John L. Riddell,* for appellees.

*W. C. Fraser* and *Jack W. Marer,* amici curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This mandamus action was commenced in the district court for Lancaster County against the members of the Nebraska Liquor Control Commission to require them to revoke their rule No. 44 which was promulgated by them on November 3, 1949, particularly paragraphs 3 and 4 thereof. The defendants filed an answer which, among other things, admitted the allegations of fact as alleged in the petition. The cause was submitted on the pleadings. The trial court found generally in favor of the plaintiffs and ordered the defendants, as members of the Nebraska Liquor Control Commission, to rescind and revoke paragraphs 3 and 4 of said rule No. 44 and enjoined them from promulgating any rule or regulation of like nature. Defendants filed a motion for new trial and have appealed from the overruling thereof.

Appellants state that the primary question presented by this appeal is, are paragraphs 3 and 4 of rule No. 44

as promulgated by the Nebraska Liquor Control Commission in violation of the provisions of the Nebraska Liquor Control Act?

Rule No. 44, as promulgated by the commission, consists of six paragraphs but since no cross-appeal has been taken by the plaintiffs the only question presented by the appeal is the validity of paragraphs 3 and 4. These paragraphs are as follows:

"3. Consumer advertising specialties which bear advertising material of a manufacturer, distributor or wholesaler, but do not bear any advertising material of the retailer, and which are valuable primarily to the manufacturer, distributor or wholesaler as advertising media, such as ash trays, bottle or can openers, paper shopping bags, matches, printed recipes, wine lists, leaflets, blotters, calendars, post cards, license holders, pencils, desk weights, and other similar articles, may be furnished or sold to a retailer for unconditional distribution by the retailer to the general public if the retailer is not paid or credited in any manner, directly or indirectly, for such distribution service, provided, however, that any articles not specifically mentioned herein shall first be submitted to the Commission and its approval secured.

"4. Retailer advertising specialties which are primarily valuable to the retailer as point of sale advertising media, such as trays, coasters, beer mats, tap markers, thermometers, calendars, clocks, and other similar articles may be furnished or sold to a retailer if the aggregate cost to the manufacturer, distributor or wholesaler of such advertising specialties so furnished or sold to any one retailer in any one calendar year does not exceed $20.00."

Under section 53-116 and 53-119, R. S. 1943, and 53-118, R. S. Supp., 1949, of the Nebraska Liquor Control Act the commission has the power to regulate all phases of the control of the manufacture, distribution, sale; and traffic in alcoholic liquors, except as otherwise specific-

ally delegated in the act, and for that purpose may promulgate such reasonable rules and regulations as it may deem necessary to carry out the intent, purpose, and requirements of the act.

However, the commission may not adopt rules and regulations which are in conflict with the act.

As stated in Griffin v. Gass, 133 Neb. 56, 274 N. W. 193: "* * * the power to regulate must be exercised in conformity with all the provisions of the Nebraska liquor control act, and in harmony with its spirit and expressed legislative intent."

Section 53-168, R. S. 1943, provides as follows: "(1) It shall be unlawful for any person having a retailer's license to sell intoxicating liquor, or any officer, associate, member, representative or agent of such licensee to accept, receive, or borrow money, or anything else of value, or to accept or to receive credit, other than merchandising credit in the ordinary course of business for a period not to exceed thirty days, directly or indirectly, from any person, partnership or corporation engaged in the manufacturing, distributing or wholesaling of such liquor, or from any person connected with or in any way representing, or from any member of the family of such manufacturer, distributor or wholesaler, or from any stockholders in any corporation engaged in manufacturing, distributing or wholesaling of such liquor, or from any officer, manager, agent or representative of such manufacturer, distributor or wholesaler. It shall be unlawful for any manufacturer, distributor or wholesaler to give or lend money or anything of value or otherwise loan or extend credit, except such merchandising credit, directly or indirectly to any such licensee or to the manager, representative, agent, officer or director of such licensee. (2) If any recipient of a license to sell intoxicating liquors at retail or wholesale shall violate any of the provisions of subdivision (1) of this section, his license shall be suspended or revoked by the commission in the manner provided by law for

revocation or suspension for other violations of the laws of the state."

Appellants suggest several rules of statutory construction as applicable to assist us in determining the intent and meaning of the foregoing statute. However, in view of the language used by the Legislature, we think the following rule quoted in State ex rel. Sorensen v. First State Bank of Alliance, 122 Neb. 502, 240 N. W. 747, 79 A. L. R. 576, from 25 R. C. L. 957, § 213, is applicable: "'A statute is not to be read as if open to construction as a matter of course. It is only in the case of ambiguous statutes of uncertain meaning that the rules of construction can have any application. Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.'" See 50 Am. Jur., Statutes, § 225, p. 204.

Section 53-168, R. S. 1943, so far as here material, prohibits any manufacturer, distributor, or wholesaler of intoxicating liquor from giving, either directly or indirectly, money or anything of value to any retail licensee of intoxicating liquor or to the manager, representative, agent, officer, or director of such licensee. Likewise, it prohibits such retail licensee or any officer, associate, member, representative, or agent of such licensee from accepting or receiving money or anything else of value, either directly or indirectly, from any person, partnership, or corporation engaged in such manufacturing, distributing, or wholesaling of intoxicating liquor, or from any person connected with or in any way representing, or from any member of the family of such manufacturer, distributor, or wholesaler, or from any stockholder in any corporation so engaged or from any officer, manager, agent, or representative thereof.

A study of paragraphs 3 and 4 of rule No. 44, promulgated by the commission, clearly evidences they are in conflict with the prohibitions of the foregoing

statute for the statute does not place any requirement that the value of the thing given be either great or small as long as it has value.

In this respect we have read with interest the discussion in the brief of amici curiae that paragraph 3 of rule No. 44 does not violate the foregoing because it merely provides for using the retail licensee as a distributing agent for the manufacturer, distributor, or wholesaler in distributing advertising media. Not only do we think the furnishing of these items by the manufacturer, distributor, or wholesaler to the retail licensee for distribution by him to the general public and the acceptance thereof by him for that purpose is directly in conflict with the language thereof but also that it violates the very purpose for which the statute was enacted.

It is further suggested that mandamus is not the proper remedy for the relief sought. We think that is correct.

A court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of the governing body of a governmental agency. See State ex rel. Evans v. Brown, 152 Neb. 612, 41 N. W. 2d 862.

Nor will it lie to compel the repeal or revocation of the exercise of such discretion by the enactment of an ordinance or the promulgation of a rule although such ordinance or rule is not valid because not within their authority.

As stated in State ex rel. Kittel v. Bigelow, 138 Ohio St. 497, 37 N. E. 2d 41: "We know of no authority for issuing a writ, such as is sought by relator in cause No. 28852, commanding the legislative branch of government (city) to enact legislation repealing prior legislation (ordinances)."

And in State ex rel. Keville v. Faurot, 44 Ohio App. 461, 185 N. E. 59: "We know of no authority to com-

pel; by mandamus, a council or commission to repeal an ordinance because it is illegal."

"When a question has been decided by the officer or person to whose judgment or discretion the law has intrusted its determination, the writ of mandamus may not issue to review or reverse that decision or to compel another." Larsen v. Nordbye, 181 F. 2d 765.

" 'We grant it (mandamus) when that has not been done which the statute orders to be done, but not for the purpose of undoing what has been done.' (Ex parte Nash, 15 Queen's Bench 92.)" Gow v. Bingham, 57 Misc. 66, 107 N. Y. S. 1011.

Injunction to enjoin the enforcement thereof is the proper remedy. See, Griffin v. Gass, supra; Marsh & Marsh v. Carmichael, 136 Neb. 797, 287 N. W. 616.

By leave of court, prior to the decision of the court, the prayer of the appellees' petition was amended by adding thereto the following: "* * * that the defendants be perpetually enjoined from the enforcement of said Rule No. 44, or such parts thereof as are found invalid by the court, * * *." As to paragraphs 3 and 4 of rule No. 44, this part of the prayer should have been sustained.

Paragraph 10 of the decree is as follows: "Finds that the defendants Young and Pont have without just excuse refused and neglected to perform a duty specially enjoined by law as herein found, but further finds that under all the circumstances the court should not impose a fine upon them." In view of our holdings such a finding is improper and should be removed from the decree.

We therefore remand the cause to the district court with directions to modify its decree in accordance herewith, that is, in place of requiring the commission to rescind and revoke paragraphs 3 and 4 of rule No. 44 it should permanently enjoin the members of the commission, and each of them, from enforcing them and

remove from the decree paragraph 10 thereof. When so modified the decree is to stand affirmed.

REMANDED WITH DIRECTIONS TO MODIFY, AND AS MODIFIED, AFFIRMED.