SCHOOL DISTRICT OF OMAHA, COUNTY OF DOUGLAS, STATE OF NEBRASKA, ET AL., APPELLEES, V. STATE BOARD OF EDUCATION ET AL., APPELLANTS.

181 N. W. 2d 861

Filed December 11, 1970. No. 37458.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellants.

Leo Eisenstatt and J. Patrick Green of Eisenstatt, Higgins, Miller & Kinnamon, and William Ross King, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The State Board of Education limited state aid to the School District of Omaha for the school year 1968-69. In doing so, it assumed that Omaha was subject to the first clause of section 12, L.B. 448, Laws 1967, c. 514, p. 1723. The board denied Omaha's claim for relief from undue hardship under a subsequent provision of that section. On review the district court decided that the board had misinterpreted the first clause and that section 12 did not apply. The court ordered the board to submit a recalculation of the amount of aid to Omaha and to stay further action. The board appeals. Chief contentions relate to judicial jurisdiction, allowance of

a temporary injunction on Omaha's second application and after denial of the first application, and statutory interpretation.

L.B. 448 substantially increased state aid to local school districts. It established a rough norm for financial support and provided for districts that might be spending more than the norm. Section 12 read: "For a district in which actual per pupil cost, in any particular year, exceeds the total financial support prescribed by sections 7, 8, and 11 . . . the following limitation shall apply . . . Provided, . . . the . . . Board . . . may grant whatever relief (from undue hardship caused by the section) . . . it deems appropriate . . . ."

In November 1968, Omaha submitted its application for state aid and for relief from undue hardship under section 12 for 1968-69. These data are undisputed: (1) Net current expense for 1967-68, $26,301,849.10; (2) average daily membership for 1967-68, 60,480.2; (3) resultant per pupil cost, $434.88; (4) estimated total financial support prescribed by sections 7, 8, and 11 for 1968-69, $28,837,638; and (5) estimated average daily membership for 1968-69, 61,974.

The board held a hearing. It and Omaha both assumed the first clause of section 12 governed—evidence and arguments going to the issue of hardship. On November 6, 1968, the board denied Omaha's application for relief from hardship. Applying the limitations of section 12 of the act, the board decreased the allocation to Omaha from $5,661,199 to $4,165,114.

Omaha raised the issue concerning the first clause on November 29, 1968, when it filed a petition in district court. The petition, headed "Petition in Review" and "Petition in Error," requested appropriate relief. Omaha also then filed a certified transcript pertaining to the board action and a praecipe for summons in error against the board, the Commissioner of Education, and the State Treasurer, who was in charge of the disputed funds.

On December 13, 1968, Judge Boyles of the district

court "on consideration of arguments and briefs" denied Omaha's application for a temporary injunction. On March 26, 1969, Judge Hastings of the district court allowed a temporary injunction on Omaha's second application. The injunction remained in effect until August 19, 1969, when the court entered the order from which this appeal resulted.

The board contends that Omaha attempted to sue the State without legislative authority. It is true that explicit authority was not granted. The Legislature provided, however, that the board shall constitute a body corporate with authority to adopt a common seal. § 79-325, R. S. Supp., 1969. Furthermore, a statutory section prescribing broad duties concluded: "None of the duties . . . shall prevent the board from exercising such other duties as in its judgment may be necessary for the proper . . . exercise of its obligations." § 79-328, R. S. Supp., 1969.

A state agency may be subject to suit by statutory implication. Johnson v. Municipal University of Omaha, 184 Neb. 512, 169 N. W. 2d 286 (1969). The board's objection to jurisdiction of the district court here is without merit.

The board contends that its actions were not quasijudicial and that therefore neither an error proceeding nor an administrative appeal would lie. See §§ 25-1901, R. R. S. 1943, and 84-917, R. S. Supp., 1969. Conceding the points arguendo only, we think Omaha met the requirements of an independent suit in district court for equitable relief. Cf. Campbell v. City of Ogallala, 178 Neb. 663, 134 N. W. 2d 597 (1965); From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441 (1953); State ex rel. Nebraska Beer Wholesalers Assn. v. Young, 153 Neb. 395, 44 N. W. 2d 806 (1950). See generally 3 Davis, Administrative Law Treatise, 388 to 425 (1958). The court in every stage of an action must disregard any error in the proceedings which does not affect substantial rights of the adverse party, and no judgment shall be reversed or

affected by reason of such error. § 25-853, R. R. S. 1943. Omaha's claim, if good on the merits, will not fail for any such errors of form.

The board contends that it was prejudicial error for Judge Hastings to allow a temporary injunction after Judge Boyles had denied the first application. Section 25-1071, R. R. S. 1943, provides that no injunction shall be granted by a judge after a motion therefor has been overruled on the merits of the application by his court. The board's contention fails for at least two reasons: First, the board failed to establish that Judge Boyles' denial was on the merits. Second, section 25-1071, R. R. S. 1943, simply establishes a rule of practice. In this case the final order of the court is analogous to a permanent injunction. In such circumstances a violation of the statutory provision would be harmless error.

The board contends that the first clause of section 12 of L.B. 448 concerning per pupil costs did not refer to 1967-68. Section 2 of the act provided: ". . . unless the context otherwise requires: . . . (3) Per pupil cost shall mean a district's current operating expense for the preceding year . . . divided by the average daily membership . . . for the preceding school year." § 79-1331, R. S. Supp., 1969. The phrase "in any particular year" in section 12 means 1968-69 in this case. The per pupil cost for 1967-68, $434.88, did not exceed total support prescribed for 1968-69, $28,837,638 which, divided by 60,480.2, was $476.81 per pupil, or $465.31 per pupil with use of the estimated average daily membership, 61,974, for 1968-69. Section 12 did not apply to Omaha.

The judgment is affirmed.

AFFIRMED.