REQUESTED BY: Forrest D. Chapman, Executive Director Nebraska Liquor Control Commission
This is in response to your request for a formal opinion in which you pose three questions regarding special designated licenses.
1. "May the Commission, under it's rule making authority, adopt standards pertaining to special designated licenses, not inconsistent with statute, and for the express purpose of furthering the public health, safety and welfare? Such standards may include such topics as required security personnel, mandatory wristbands for minors, fencing requirements, and mandatory non-drinking for volunteer/staff workers."
The Nebraska Liquor Control Commission is allowed to adopt and promulgate rules and regulations to carry out the Nebraska Liquor Control Act. The Commission is empowered under Neb. Rev. Stat. §§ 53-116, 53-117
and 53-118, to regulate all phases of the control and manufacture, distribution, sale, traffic of alcoholic liquors except as otherwise specifically delegated in the Act, and for that purpose "may promulgate such reasonable rules and regulations as it may deem necessary to carry out the intent, purpose, and requirements of the Act." State ex rel. Nebraska Beer Wholesalers Ass'n. v. Young, 153 Neb. 395, 44 N.W.2d 806
(1950). However, the Supreme Court also said that "such rules and regulations must not be in conflict with the Act itself." The court also warned that the Commission "may not adopt rules and regulations which are in conflict with the Act but the power to regulate must be exercised in conformity with the provisions of the Nebraska Liquor Control Act and in harmony with the spirit and expressed intent." Id. at 396.
The Supreme Court gave further guidance as to the breadth of the Commission's rule making powers in the case of County Cork, Inc. v. Nebraska Liquor Control Com'n, 250 Neb. 456, 550 N.W.2d 913 (1996). In that case, the court concluded that the "health, safety, and welfare of the people of the State of Nebraska was concerned only with the legislature's regulation and manufacture, sale and distribution of alcoholic liquor." Furthermore, the court stated that an administrative agency is limited in its rule making authority to powers granted to the agency by the statutes which they are to administer, and may not employ its rule making power to modify, alter, or enlarge portions of its enabling statute.
Neb. Rev. Stat. § 53-124.11 sets forth the manner and broad guideline as to the existence and issuance of SDLs. Under the Commission's rule making authority, it may enact rules and regulations to regulate SDLs so long as those rules and regulations are not in conflict with the Liquor Control Act. Therefore, it is our opinion that the Nebraska Liquor Control Commission does have the power and authority to promulgate rules and regulations pursuant to Neb. Rev. Stat. § 53-118
so long as such rules and regulations are not inconsistent with the intent and purpose of the statute.
This office is unable to opine as to whether any proposed rules or regulations would be in violation of the statute until such rules and regulations are submitted, pursuant to statute, for the Attorney General's review.
2. "May the Commission require different standards for special designated licenses (SDL) held by nonprofits as contrasted with those held by retail license holders?"
Neb. Rev. Stat. § 53-124.11 states, in part: "(i) The Commission may issue a special designated license for sale or consumption of alcoholic liquor at a designated location to a retail licensee, a craft brewery licensee, a municipal corporation, a fine arts museum incorporated as a nonprofit corporation, a religious nonprofit corporation which has been exempted from the payment of federal income taxes, a political organization which has been exempted from the payment of federal income taxes, or any other nonprofit corporation the purpose of which is fraternal, charitable or public service and which has been exempted from the payment of federal income taxes. The applicants will demonstrate meeting the requirements of this subsection."
Your request for the formal opinion asks whether license holders can be treated differently than nonprofit organizations. If the Commission were to formulate rules and regulations which treated solely nonprofit organizations different from the other organizations enumerated in the statutes, there may be a significant equal protection issue. However, from the remainder of your opinion request, we understand that the intent of your question is more broadly described as "Can the Nebraska Liquor Control Commission promulgate differing rules and regulations for SDL holders based upon whether they are retail license holders or non-retail license holders?" Analyzing that question, the equal protection issues are minimized. It is our opinion that such rules and regulations would be valid.
Neither the Nebraska nor U.S. Constitutions guarantee the right to receive a special designated license. Further, it is a privilege for an individual to receive a license from the state to sell a controlled substance. In that the privilege to obtain a special designated license is not a fundamental right, and given the distinction between retail license holders, which have a continuing license subject to possible action by the Commission, from non-license holders which do not have a continuing license, it is permissible to classify them differently so long as there is a rational relationship between the two classifications and public policy. Tom Jerry, Inc. v. Nebraska Liquor Control Com'n, 183 Neb. 410, 160 N.W.2d 232 (1968).
In your request for a formal opinion, you stated that, "The Commission has statutory authority over existing retail license holders who use special designated licenses while it has no authority over nonprofits once the event has ended. We see a very real difference in accountability to the Commission between the two groups and may desire to choose different standards for each group."
Based upon this articulated reasoning, it is our opinion that rules and regulations which treat the two classifications differently, based upon the lack of control the Liquor Control Commission has over non-retail licenses, seem to have a rational basis in fact and in law. Of course, we are unable to opine as to the legality of any specific rules and regulations as those issues are not before us.
3. "May the Commission, without the adoption of a rule, place conditions on special designated licenses as it currently does on other retail licenses?"
The Nebraska Liquor Control Act empowers the Liquor Control Commission to issue a license subject to certain restrictions or conditions so long as those restrictions and conditions are reasonably necessary to the protection of the health, safety and welfare of the people of the state, and to the promotion and fostering of temperance in the consumption of alcohol. F T, Inc. v. Nebraska Liquor Control Com'n, 7 Neb. App. 973, 587 N.W.2d 700 (1998).
The Nebraska Supreme Court has previously held that the power of the state to absolutely prohibit the manufacture, sale, transportation, or possession of intoxicants includes the power to prescribe the conditions under which alcoholic beverages may be sold and the state may exercise large discretion as to the means employed in the performing of this power. Gas `N Shop v. Nebraska Liquor Control Com'n, 229 Neb. 530,427 N.W.2d 784 (1988). (Discussing legislative classification of dual businesses in the equal protection context.)
Furthermore, regulating the traffic in liquors involves not just prescribing who may sell liquor and under what conditions, but conversely, who may not, and under what circumstances the right to sell liquor may be forfeited. Bali Hai', Inc. v. Nebraska Liquor Control Com'n, 195 Neb. 1, 236 N.W.2d 614 (1975). (Holding that the City of Lincoln can revoke license for failure to open for business). "The right to engage in the sale of intoxicating liquor involves a mere privilege and restrictive regulations . . . do not deprive persons of . . . due process of law, violate the privileges and immunities clause, the due process clause, the uniformity provisions, nor, unless they contain irrational classifications or invidious discriminations, the equal protection of the law as provided by the state and federal Constitutions." Tom Jerry, Inc. v. Nebraska Liquor Control Com'n, 183 Neb. 410,160 N.W.2d 232 (1968).
Therefore, it is clear that certain specific conditions may be placed upon a licensee making application before the Nebraska Liquor Control Commission. However, it is important to note that such conditions must be supported by evidence in the record, and therefore would probably necessitate a hearing held before the Commission prior to the conditions being placed upon the license.
 CONCLUSION
Therefore, it is our opinion that the Commission may, under its rule making authority, adopt certain standards pertaining to special designated licenses, not inconsistent with statute, and for the express purpose of furthering the public health, safety and welfare. Secondly, the Commission may require different standards for special designated licenses held by non-retail licensees contrasted with those held by other retail license holders. Third, the Commission may place conditions on special designated licenses in the same manner as is the current policy on other retail licensees.
Sincerely,
 JON BRUNING Attorney General
 Hobert B. Rupe Assistant Attorney General
Approved by:
_______________________ Attorney General
pc: Patrick O'Donnell Clerk of the Legislature